JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Daniel and Nicole Armyn, Felicidad Redondo Iban and Maria Jesus Redondo Iban and Mariano Ucero Estrades

## DEFENDANTS

National Railroad Passenger Corporation a/k/a AMTRAK

**(b)** County of Residence of First Listed Plaintiff   Kings County, NY and Palma de Mallorca, Spain
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Washington, DC
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert J. Mongeluzzi, Esquire, Larry Bendesky, Esquire and (See Addendum attached hereto) Salz, Mongeluzzi, Barrett & Bendesky, P.C.
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, PA 19103 - 215-496-8282

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☒ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

### CONTRACT
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

### TORTS
**PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☒ 360 Other Personal Injury
☐ 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
☐ 365 Personal Injury - Product Liability
☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

### FORFEITURE/PENALTY
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

### LABOR
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Management Relations
☐ 740 Railway Labor Act
☐ 751 Family and Medical Leave Act
☐ 790 Other Labor Litigation
☐ 791 Employee Retirement Income Security Act

### BANKRUPTCY
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

### SOCIAL SECURITY
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

### IMMIGRATION
☐ 462 Naturalization Application
☐ 465 Other Immigration Actions

### OTHER STATUTES
☐ 375 False Claims Act
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 850 Securities/Commodities/ Exchange
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 895 Freedom of Information Act
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes

### REAL PROPERTY
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

### CIVIL RIGHTS
☐ 440 Other Civil Rights
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 448 Education

### PRISONER PETITIONS
**Habeas Corpus:**
☐ 463 Alien Detainee
☐ 510 Motions to Vacate Sentence
☐ 530 General
☐ 535 Death Penalty
**Other:**
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition
☐ 560 Civil Detainee - Conditions of Confinement

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1332 - Diversity

Brief description of cause:
Train derailment in Philadelphia, PA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE   Hon. Legrome D. Davis   DOCKET NUMBER   2:15-cv-02694-LDD

DATE
05/15/2015

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

## Plaintiffs' Counsel Addendum

Andrew R. Duffy, Esquire,
Adam J. Pantano, Esquire,
Robert W. Zimmerman, Esquire, and
Jeffrey P. Goodman, Esquire
Salz, Mongeluzzi, Barrett & Bendesky, P.C.
One Liberty Place
1650 Market Street, 52nd Floor
Philadelphia, PA 19103

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 167 Litchfield Ave.,Brooklyn, NY 11702; Gonzalo de Berceo No. 25, Apt. 2-1, Leon, Spain 24010; CAmi de Can Soler

Address of Defendant: No. 8, HOuse 21, Palma de Mallorca, Spain 07015 60 Massachusetts Avenue, Washington, DC 20002

Place of Accident, Incident or Transaction: Frankford Junction, a few miles northeast of 30th St. Station, Philadelphia, PA (Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☐

Does this case involve multidistrict litigation possibilities?   Yes☐  No☐

*RELATED CASE, IF ANY:*
Case Number: 2:15-CV-02694-LDD   Judge Hon. Legrome Davis   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) Train Derailment
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Robert J. Mongeluzzi, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 5-18-2015   _____   RJM9362
                   Attorney-at-Law           Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____   _____
                        Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA
## CASE MANAGEMENT TRACK DESIGNATION FORM

**FELICIDAD REDONDO IBAN**
Gonzalo de Berceo Number 25
Apartment 2-1
Leon, Spain 24010

And

**DANIEL and NICOLE ARMYN, h/w**
167 Litchfield Avenue
Brooklyn, NY 11702

And

**MARIA JESUS REDONDO IBAN and MARIANO
UCERO ESTRADES, h/w**
Cami de Can Soler Number 8
House 21
Palma de Mallorca, Spain 07015

*Plaintiffs*

vs.

**NATIONAL RAILROAD PASSENGER
CORPORATION a/k/a AMTRAK**
60 Massachusetts Avenue
Washington, D.C. 20002

And

**BRIAN BOSTIAN**
10920 71st Road, Apt 5J
Forest Hills, New York 11375

*Defendant*

**CIVIL ACTION NO.:**

**JURY TRIAL DEMANDED**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
     and Human Services denying plaintiff Social Security Benefits.                                  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
     exposure to asbestos.                                                                                              ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
     commonly referred to as complex and that need special or intense management by
     the court. (See reverse side of this form for a detailed explanation of special
     management cases.)                                                                                             (✗)

(f) Standard Management – Cases that do not fall into any one of the other tracks.       ( )


Robert J. Mongeluzzi, Esquire          Plaintiffs
Larry Bendesky, Esquire
Andrew R. Duffy, Esquire
Adam J. Pantano, Esquire
Robert W. Zimmerman, Esquire
Jeffrey P. Goodman, Esquire

**Date 05/15/15**              **Attorney-at-law**              **Attorneys for**

215-496-8282                      215-496-0999                      rmoneluzzi@smbb.com
                                                                                  lbendesky@smbb.com
                                                                                  aduffy@smbb.com
                                                                                  apantano@smbb.com
                                                                                  rzimmerman@smbb.com
                                                                                  jpgoodman@smbb.com

_____          _____          _____

**Telephone**                     **FAX Number**                 **E-Mail Address**

_____          _____          _____


**(Civ. 660)**
**10/02**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**FELICIDAD REDONDO IBAN**
Gonzalo de Berceo Number 25
Apartment 2-1
Leon, Spain 24010

And

**DANIEL and NICOLE ARMYN, h/w**
167 Litchfield Avenue
Brooklyn, NY 11702

And

**AMY MILLER**
79 West Shrewsbury Place
Princeton, NJ 08540

And

**MARIA JESUS REDONDO IBAN and**
**MARIANO UCERO ESTRADES, w/h**
Cami de Can Soler Number 8
House 21
Palma de Mallorca, Spain 07015

*Plaintiffs*

vs.

**NATIONAL RAILROAD PASSENGER**
**CORPORATION a/k/a AMTRAK**
60 Massachusetts Avenue
Washington, D.C. 20002

*Defendant*

**CIVIL ACTION NO.:**

**JURY TRIAL DEMANDED**

COME NOW the Plaintiffs, by and through their attorneys, Saltz, Mongeluzzi, Barrett &

Bendesky, P.C., and allege as follows:

1

## INTRODUCTION

1.     On May 12, 2015, Amtrak Regional Rail Train 188 was travelling approximately 106 mph as it approached Frankford Junction in Philadelphia, Pennsylvania, a few miles northeast of 30th Street Station.

2.     This speed was outrageously fast given the nature of the considerable curvature of the tracks in that location.

3.     As a result of Defendant's reckless operation of Train 188, all seven passenger cars and the locomotive of Train 188 derailed, causing one car to flip upside down and several others to be thrown onto their sides.

4.      Upon information and belief, there were approximately 238 passengers and 5 crew members on board Train 188 at the time of the crash.

5.     Eight passengers died in the tragedy and over 200 passengers were injured, including the Plaintiffs in this litigation who sustained the devastating and life altering injuries discussed more fully below.

6.     Amtrak has been on notice of this dangerous turn and tracks in the location of Frankford Junction for decades.

7.     In roughly the same area of the tracks on Labor Day in 1943, a Pennsylvania Railroad Congressional Limited train derailed, killing 79 people and injuring 117 others.

8.      Had proper precautions and safety measure been implemented by Amtrak and the train operator, this tragedy would have been prevented and countless innocent lives would not have been devastated.

## JURISDICTION and VENUE

9.      This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 because the amount in controversy threshold is met and diversity of citizenship exists.

10.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania under 28 U.S.C. §1391(b) because the causes of action upon which the Complaint is based arose in Philadelphia County, Pennsylvania which is within the Eastern District of Pennsylvania.

## PARTIES

11.     Plaintiff, Felicidad Redondo Iban was a passenger on Train 188 at the time of the derailment and sustained injuries as a result of the careless, reckless and outrageous conduct of Defendant.

12.     Plaintiff, Felicidad Redondo Iban is an adult citizen of Spain.

13.     Plaintiff, Daniel Armyn was a passenger on Train 188 at the time of the derailment and sustained injuries as a result of the careless, reckless and outrageous conduct of Defendant.

14.     Plaintiff, Daniel Armyn is an adult citizen of New York.

15.     Plaintiff, Nicole Armyn, is the wife of Plaintiff, Daniel Armyn, and was not on board Train 188 at the time of the derailment.

16.     Plaintiff, Nicole Armyn is an adult citizen of New York.

17.     Plaintiff Amy Miller was a passenger on Train 188 at the time of the derailment and sustained injuries as a result of the careless, reckless and outrageous conduct of Defendant.

18.     Plaintiff Amy Miller is an adult citizen of New Jersey.

19.     Plaintiff, Maria Jesus Redondo Iban was a passenger on Train 188 at the time of the derailment and sustained injuries as a result of the careless, reckless and outrageous conduct of Defendant.

20.     Plaintiff, Maria Jesus Redondo Iban is an adult citizen of Spain.

21.     Plaintiff, Marino Ucero Estrades, is the husband of Plaintiff, Maria Jesus Redondo Iban, and was not on board Train 188 at the time of the derailment.

22.     Plaintiff, Marino Ucero Estrades is an adult citizen of Spain.

23.     Defendant, National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak"), is a corporation organized and existing under the laws of the United States of America with its principal place of business located at 60 Massachusetts Avenue, Washington, D.C. 20002.

24.     At all times relevant and material hereto, Defendant has carried out, and continues to carry out, substantial, continuous and systematic activities in the Commonwealth of Pennsylvania and have purposely established significant contacts within Pennsylvania.

4

25.     The injuries and damages alleged in this lawsuit arise out of, and are related to, Defendant's contacts and activities in the Commonwealth of Pennsylvania.

26.     At all relevant times, Defendant was acting by and through its employees, servants, agents, workmen, and/or staff, all of whom were acting within the course and scope of their employment, for and on behalf of the Defendant.

## FACTUAL AVERMENTS

27.     On or about May 12, 2015, Plaintiff, Felicidad Redondo Iban was a passenger on board Train 188 that was owned, operated, maintained and controlled by Defendant Amtrak.

28.     On or about May 12, 2015, Plaintiff, Daniel Armyn was a passenger on board Train 188 that was owned, operated, maintained and controlled by Defendant Amtrak.

29.     On or about May 12, 2015, Plaintiff, Amy Miller was a passenger on board Train 188 that was owned, operated, maintained and controlled by Defendant Amtrak.

30.     On or about May 12, 2015, Plaintiff, Maria Jesus Redondo Iban was a passenger on board Train 188 that was owned, operated, maintained and controlled by Defendant Amtrak.

31.     Upon information and belief, Amtrak Train 188 departed from Washington DC's Union Station at approximately 7:10pm.

32.     Train 188 made stops at stations in New Carrollton, MD, Baltimore-Washington International Airport, Baltimore, MD, Wilmington, DE, and Philadelphia, PA.

33.     Train 188 left Philadelphia, PA shortly after 9:00pm and was scheduled to make additional stops in Trenton, NJ, Metropark, NJ, and Newark, NJ before reaching its final destination at Penn Station in New York, NY.

34.     Amtrak Train engineer Brandon Bostian had served as an engineer with Amtrak since December 2010 and was a Conductor with Amtrak for four previous years.

35.     At all relevant times, Mr. Bostian was working within the course and scope of his employment with Amtrak.

36.     When Mr. Bostian operated Train 188 out of Philadelphia he reached excessive, careless, and reckless speeds which resulted in Train 188 taking the sharp and dangerous curve at Frankford Junction in excess of two times the legal speed.

37.     Defendant's reckless actions resulted in the train violently leaving the tracks and flipping over:



38.    Prior to the accident, wayside signals alerted or should have alerted the operator of Train 188 to the sharp and dangerous curve ahead to warn him to reduce speed.

39.    Upon information and belief, one minute and five seconds before the crash, the train was traveling at 70 miles per hour.

40.    Upon information and belief, 43 seconds before the crash, the train was traveling at 80 miles per hour.

41.    Upon information and belief, 31 seconds before the crash, the train was traveling at 90 miles per hour.

42.    Upon information and belief, 16 seconds before the crash, the train topped 100 miles per hour.

43.    The operator of Train 188 failed to reduce the train's speed until he applied the emergency brake just seconds before the crash, which only slowed the train from 106 mph to 102 mph at the time of the crash.

44.    The violent and high speed derailment resulted in the engine detaching from the first car which became unrecognizably mangled and detached from the second car.



Photo courtesy of NYT Graphics.

45.     At all times relevant to this accident, Defendant Amtrak knowingly failed to equip Train 188 with a Positive Train Control system (hereinafter "PTC").

46.     PTC is a GPS communication- and processor-based train control technology designed to prevent train-to-train collisions as well as over-speed train derailments.

47.     Positive train control provides real-time information to train crew members about, among other things, the areas in which a train must be slowed or stopped and the speed limits at approaching curves and other reduced-speed locations.

48.     Positive train control also warns the train crew of the train's safe braking distance in curved or reduced-speed locations, and displays the same on screens inside the locomotive's cab.

49.     The PTC system works to automatically stop a train if the train operator fails to begin stopping a train or slow a train down within a speed-restricted area.

50.     If the engineer does not respond to the ample warnings and on-screen displays, the positive train control system will automatically activate the brakes and safely stop the train.

51.     PTCs were designed specifically to prevent train-to-train collisions and prevent derailments caused by excessive speeds, among other purposes.

52.     At all times relevant hereto, PTC systems were affordable, available, feasible, and intended to improve safety.

53.     Currently, PTC systems are operational on various stretches of railroad throughout Massachusetts, Connecticut, New Jersey, Maryland, and Delaware.

54.     Defendant Amtrak knowingly and intentionally failed to put in place a PTC system on the Amtrak Train 188 and/or on the Northeast Corridor, where this tragic and preventable accident occurred.

55.     Amtrak also utilizes an automated control system/advanced civil speed enforcement system which uses mechanical means to slow down trains traveling at excess speeds.

56.     Amtrak utilizes automated control system/advanced civil speed enforcement system for trains traveling southbound in the area of this accident, but failed and/or refused to utilize this safety system for trains traveling northbound, such as Train 188.

57.     Thus, Amtrak failed to use available and in-use safety technology for trains and passengers on the accident stretch of track which would have prevented this horrific incident.

9

58.    The computer/alert system which was in the Amtrak Train 188 failed to properly alert the engineer of the need to reduce speeds.

59.    The train-control system in place on the Train 188 was defective in that it allowed the operator(s) of the train to bypass and/or ignore the alarm signal.

60.    The operator(s) of the train bypassed and/or ignored the alarm signal.

61.    The train-control system in place on the Train 188 failed to adequately stop or slow down the train.

62.    The locomotive of Train 188 was manufactured and built by Siemens in 2014.

63.    Amtrak failed to use readily available and safer train control and/or alert system technology, which would have prevented this tragedy.

64.    Through its reckless operation on the tracks and inexcusable decision to not include a necessary safety system, Amtrak caused this horrific tragedy which killed at least eight people and injured hundreds.

65.    Amtrak, through its President and CEO, has admitted that it is responsible for this crash which killed eight victims and injured dozens more.

## INJURIES AND DAMAGES

66.    During the derailment, Plaintiff, Felicidad Redondo Iban, was violently thrown about inside the car and was pinned under the wreckage.

67.    As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and other liability-producing conduct of the Defendant, Plaintiff, Felicidad Redondo Iban, suffered serious and disabling injuries including multiple surgeries in an attempt to save and salvage her arm from being amputated, external fixation devices attached to her right arm in an attempt to prevent it from being amputated, irrigation and debridement, internal injuries, head injury, abrasions, contusions, orthopedic injuries, mental and emotional pain and suffering; physical pain, suffering and loss of life's pleasures, past, present and future; hospital, medical and rehabilitation expenses past, present and future, including medical equipment, supplies and other medical care and treatment; other psychological, psychiatric, and neurological injuries, the full extent of which is yet to be determined and some or all of which may be permanent in nature.

(a)    As a direct and proximate result of the conduct of Defendant, Plaintiff Felicidad Redondo Iban, has in the past required, continues to require, and may in the future require, medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation and attempt to alleviate and/or cure her condition.

(b)    As a direct and proximate result the conduct of Defendant, Plaintiff, Felicidad Redondo Iban, has in the past, and continues to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on her ability to engage in normal activities and pleasures of life, and other intangible losses.

(c)     As a direct and proximate result of the conduct of the Defendant, Plaintiff, Felicidad Redondo Iban, has been prevented and may be prevented in the future from performing her usual duties, activities, occupations and avocations and has suffered a loss of earnings and a loss of earning capacity.

68.     During the derailment, Plaintiff, Daniel Armyn, was violently thrown about inside the car.

69.     As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and other liability-producing conduct of the Defendant, Plaintiff, Daniel Armyn, suffered serious and disabling injuries including, multiple fractured ribs, ACL tear of knee, MCL tear of knee, internal injuries, head injury, torn ligaments, abrasions, lacerations, contusions, broken teeth, pelvic injury, knee injury orthopedic injuries, mental and emotional pain and suffering; physical pain, suffering and loss of life's pleasures, past, present and future; loss of earnings and wages and loss of earnings capacity, past, present and future; hospital, medical and rehabilitation expenses past, present and future, including medical equipment, supplies and other medical care and treatment; other psychological, psychiatric, and neurological injuries, the full extent of which is yet to be determined and some or all of which may be permanent in nature.

(a)     As a direct and proximate result of the conduct of Defendant, Plaintiff Daniel Armyn, has in the past required, continues to require, and may in the future require, medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation and attempt to alleviate and/or cure his condition.

12

(b)     As a direct and proximate result the conduct of Defendant, Plaintiff, Daniel Armyn, has in the past, and continues to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on his ability to engage in normal activities and pleasures of life, and other intangible losses.

(c)     As a direct and proximate result of the conduct of the Defendant, Plaintiff, Daniel Armyn, has been prevented and may be prevented in the future from performing his usual duties, activities, occupations and avocations and has suffered a loss of earnings and a loss of earning capacity.

70.     During the derailment, Plaintiff Amy Miller was violently thrown about inside the car.

71.     As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and other liability-producing conduct of the Defendant, Plaintiff, Amy Miller, suffered serious, severe, disabling, and catastrophic injuries including concussion, coccyx contusion, back strain and sprain, internal injuries, head injury, abrasions, contusions, orthopedic injuries, mental and emotional pain and suffering; chronic physical pain, suffering and loss of life's pleasures, past, present and future; loss of earnings and wages and loss of earnings capacity, past, present and future; hospital, medical and rehabilitation expenses past, present and future, including medical equipment, supplies and other medical care and treatment; other psychological, psychiatric, and neurological injuries, the full extent of which is yet to be determined and some or all of which may be permanent in nature.

(a)     As a direct and proximate result of the conduct of Defendant, Plaintiff Amy Miller, has in the past required, continues to require, and may in the future

13

require, medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation and attempt to alleviate and/or cure her condition.

(b)     As a direct and proximate result the conduct of Defendant, Plaintiff, Amy Miller, has in the past, and continues to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on her ability to engage in normal activities and pleasures of life, and other intangible losses.

(c)     As a direct and proximate result of the conduct of the Defendant, Plaintiff, Amy Miller, has been prevented and will be prevented in the future from performing her usual duties, activities, occupations and avocations and has suffered a loss of earnings and a loss of earning capacity.

72.     During the derailment, Plaintiff, Maria Jesus Redondo Iban, was violently thrown about inside the car.

73.     As a direct and proximate result of the carelessness, negligence, gross negligence, recklessness and other liability-producing conduct of the Defendant, Plaintiff, Maria Jesus Redondo Iban, suffered serious and disabling injuries including, internal injuries, head injury, abrasions, contusions, orthopedic injuries, mental and emotional pain and suffering; physical pain, suffering and loss of life's pleasures, past, present and future; loss of earnings and wages and loss of earnings capacity, past, present and future; hospital, medical and rehabilitation expenses past, present and future, including medical equipment, supplies and other medical care and treatment; other psychological, psychiatric, and neurological injuries,

the full extent of which is yet to be determined and some or all of which may be permanent in nature.

(a)     As a direct and proximate result of the conduct of Defendant, Plaintiff Maria Jesus Redondo Iban, has in the past required, continues to require, and may in the future require, medical treatment and care, and has in the past, continues presently, and may in the future incur the cost of medicines, medical care, hospitalizations, treatment, future operations, testing, and rehabilitation and attempt to alleviate and/or cure her condition.

(b)     As a direct and proximate result the conduct of Defendant, Plaintiff, Maria Jesus Redondo Iban, has in the past, and continues to suffer pain, disfigurement, scarring, loss of independence, mental anguish, humiliation, embarrassment, fear, loss of well-being, inability to enjoy the normal pleasures of life, and restrictions on her ability to engage in normal activities and pleasures of life, and other intangible losses.

(c)     As a direct and proximate result of the conduct of the Defendant, Plaintiff, Felicidad Redondo Iban, has been prevented and may be prevented in the future from performing her usual duties, activities, occupations and avocations and has suffered a loss of earnings and a loss of earning capacity.

74.     Defendant is responsible for these damages and punitive damages in connection with their outrageous conduct.

## COUNT I

## NEGLIGENCE

## PLAINTIFFS V. AMTRAK

75.     All preceding paragraphs are incorporated herein by reference.

76.     Train 188 was operated by Defendant Amtrak at the time of the deadly derailment.

77.     Amtrak owed its passengers the highest duty to ensure their safety during their travels.

78.     Plaintiffs and the other passengers on Train 188 trusted Amtrak with their lives as they rode as passengers on the train with no ability to control the operation themselves or prevent a derailment.

79.     Amtrak controlled the train route, the tracks and signals on the tracks.

80.     Amtrak, by and through its employees and/or agents caused the injuries and damages sustained by Plaintiffs and acted carelessly, negligently, grossly negligently, recklessly, and outrageously through the following actions and/or inactions:

      a.    Operating Train 188 at over twice the legal speed limit;

      b.    Operating Train 188 at 106 mph just before the derailment;

      c.    Operating Train 188 at 102 mph at the time of the derailment;

      d.    Failing to slow down as Train 188 approached the dangerous curve at Frankford Junction;

      e.    Failing to adequately train the operator and crew on the train;

f.  Hiring an incompetent operator, engineer and/or crew to operate the train;

g.  Failing to ensure the train was equipped with a PTC or other speed limiting system;

h.  Failing to ensure the train was equipped with an advanced civil speed enforcement system;

i.  Failing to properly inspect the train in question;

j.  Failing to properly inspect the railroad tracks at Frankford Junction;

k.  Failing to properly maintain and/or repair the train in question;

l.  Failing to properly maintain and/or repair the railroad tracks/track system in question;

m.  Failing to take proper action in response to complaints about the railroad tracks in question;

n.  Permitting a train carrying hundreds of passengers to enter the sharp turn at Frankford Junction at speeds of 106 m.p.h., even though the speed limit was 50 m.p.h.;

o.  Failing to have properly trained personnel inspect the condition of the train's control system;

p.  Failing to have properly trained personnel inspect the condition of the railroad's train-control system;

q.  Failing to perform required inspections of the railroad tracks/track system in question;

r.  Failing to perform required inspections of the train in question;

s.  Failing to install a proper train-control speed system;

t.  Violating governmental statutes, regulations and requirements with respect to the train and train system in question;

u.  Failing to properly inspect, maintain, and repair the signal system associated with the train and train tracks in question;

v.  Failure to comply with the Defendant's own safety, operating, and other rules, procedures and regulations;

w.   Allowing improperly trained and unqualified personnel to operate the train in question;

x.   Failing to comply with the rules of the Northeast Operating Rules Advisory Committee (NORAC);

y.   Failing to use shatterproof glass for the windows of the train;

z.   Failing to comply with the Rail Safety Improvement Act (RSIA); and

aa.  Failing to comply with the Federal Locomotive Inspection Act.

81.   Through the actions and inactions described above, Amtrak is responsible for the deaths of at least eight people and catastrophic injuries to numerous others, including Plaintiffs.

WHEREFORE, Plaintiffs demand judgment against the Defendant for such damages as may be permitted pursuant to applicable law, including all compensatory and punitive damages, together with interest, costs and attorney's fees.

## COUNT II – OUTRAGEOUS CONDUCT (PUNITIVE DAMAGES)

## PLAINTIFFS v. AMTRAK

82.   All preceding paragraphs are incorporated herein by reference.

83.   Defendant, by and through its agents and employees, operated the subject train at a rate of speed in excess of 100 miles per hour prior to derailment.

84.   Defendant, by and through its agents and employees, operated the subject train at a rate of speed twice the posted speed limit prior to derailment.

85.   A passenger train should never be operated at a rate of speed twice the speed limit.

86.    Operation of a passenger train at a rate of speed twice the speed limit is reckless and outrageous.

87.    Defendant, Amtrak blatantly ignored the safety and design recommendations of the National Transportation Safety Board regarding the use and implementation of the PTC system.

88.    Defendant, Amtrak knew that the dangerous condition in conjunction with the lack of PTC system on its train posed a very high risk of serious bodily injury and/or death to passengers.

89.    Defendant, Amtrak knowingly, willfully and intentionally failed to take proper and recommended action to make its trains safe for passengers.

90.    Defendant, Amtrak failed to incorporate the NTSB safety recommendations and safety designs to save money.

91.    Defendant, Amtrak put profits over people and exposed its passengers to unsafe conditions and hazards to improve their bottom line.

92.    Defendant's conduct rises to the level of outrageous conduct by willfully and recklessly ignoring the known dangerous condition of Train 188 and Frankford Junction which caused death and injuries.

93.    Defendant acted in a willful, wanton and reckless disregard for the safety of its passengers.

94.     This derailment was the result of conduct carried out by Amtrak with a conscious and flagrant indifference to the rights and safety of others.

95.     This and other misconduct constituted outrageous, willful and/or wanton misconduct, and manifested a reckless indifference to the rights of others to support an award of punitive damages.

WHEREFORE, Plaintiffs demand judgment against the Defendant for such damages as may be permitted pursuant to applicable law, including all compensatory and punitive damages, together with interest, costs and attorney's fees.

## COUNT III – LOSS OF CONSORTIUM

### NICOLE ARMYN v. AMTRAK

96.     All preceding paragraphs are incorporated herein by reference.

97.     Plaintiff, Nicole Armyn, is and was at all relevant times the wife of Plaintiff, Daniel Armyn, and as such, is entitled to his society, companionship and services.

98.     By reason of the Defendant's carelessness, negligence, gross negligence, recklessness and outrageous conduct, wife-Plaintiff, Nicole Armyn, has suffered the loss of consortium and has been deprived of her husband's love, companionship, comfort, affection, society, moral guidance, intellectual strength and physical assistance and the loss of the assistance and earnings of Plaintiff-husband.

WHEREFORE, Plaintiffs demand judgment against the Defendant for such damages as may be permitted pursuant to applicable law, including all compensatory and punitive damages, together with interest, costs and attorney's fees.

## COUNT IV – LOSS OF CONSORTIUM

### MARIANO UCERO ESTRADES v. AMTRAK

99.     All preceding paragraphs are incorporated herein by reference.

100.    Plaintiff, Mariano Ucero Estrades, is and was at all relevant times the husband of Plaintiff, Maria Jesus Redondo Iban, and as such, is entitled to her society, companionship and services.

101.    By reason of the Defendant's carelessness, negligence, gross negligence, recklessness and outrageous conduct, husband-Plaintiff, Mariano Ucero Estrades, has suffered the loss of consortium and has been deprived of his wife's love, companionship, comfort, affection, society, moral guidance, intellectual strength and physical assistance and the loss of the assistance and earnings of Plaintiff-wife.

WHEREFORE, Plaintiffs demand judgment against the Defendant for such damages as may be permitted pursuant to applicable law, including all compensatory and punitive damages, together with interest, costs and attorney's fees.

Respectfully submitted,

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

BY _____

Robert J. Mongeluzzi, Esquire (RJM9362)
Identification No. 36283
Larry Bendesky, Esquire
Andrew R. Duffy, Esquire
Adam J. Pantano, Esquire
Robert W. Zimmerman, Esquire
Jeffrey P. Goodman, Esquire

21

Saltz, Mongeluzzi, Barrett & Bendesky, P.C.
52nd Floor
1650 Market St.
Philadelphia, Pa. 19103
(215) 496-8282

***Attorneys for Plaintiffs***

## JURY DEMAND

Plaintiffs hereby demand trial by jury in accordance with the Federal Rules of Civil

Procedure.

SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

BY _____

Robert J. Mongeluzzi, Esquire (RJM9362)
Identification No. 36283
Larry Bendesky, Esquire
Andrew R. Duffy, Esquire
Adam J. Pantano, Esquire
Robert W. Zimmerman, Esquire
Jeffrey P. Goodman, Esquire
Saltz, Mongeluzzi, Barrett & Bendesky, P.C.
52nd Floor
1650 Market St.
Philadelphia, Pa. 19103
(215) 496-8282

*Attorneys for Plaintiffs*

DATE: <u>05/18/15</u>

23

IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

**FELICIDAD REDONDO IBAN**
Gonzalo de Berceo Number 25
Apartment 2-1
Leon, Spain 24010

And

**DANIEL and NICOLE ARMYN, h/w**
167 Litchfield Avenue
Brooklyn, NY 11702

And

**AMY MILLER**
79 West Shrewsbury Place
Princeton, NJ 08540

And

**MARIA JESUS REDONDO IBAN and**
**MARIANO UCERO ESTRADES, w/h**
Cami de Can Soler Number 8
House 21
Palma de Mallorca, Spain 07015

       *Plaintiffs*

  vs.

**NATIONAL RAILROAD PASSENGER**
**CORPORATION a/k/a AMTRAK**
60 Massachusetts Avenue
Washington, D.C. 20002

      *Defendant*

CIVIL ACTION NO.:

**JURY TRIAL DEMANDED**

## <u>CERTIFICATION</u>

  I, Robert J. Mongeluzzi, Esquire, hereby state that a true and correct copy of this Complaint was sent to the following via Certified Mail, Return Receipt Requested and First Class Mail:

**NATIONAL RAILROAD PASSENGER CORPORATION a/k/a AMTRAK**
60 Massachusetts Avenue
Washington, D.C. 20002


SALTZ, MONGELUZZI, BARRETT & BENDESKY, P.C.

BY _____
   Robert J. Mongeluzzi, Esquire (RJM9362)
   Identification No. 36283
   Larry Bendesky, Esquire
   Andrew R. Duffy, Esquire
   Adam J. Pantano, Esquire
   Robert W. Zimmerman, Esquire
   Jeffrey P. Goodman, Esquire
   Saltz, Mongeluzzi, Barrett & Bendesky, P.C.
   52nd Floor
   1650 Market St.
   Philadelphia, Pa. 19103
   (215) 496-8282

   *Attorneys for Plaintiffs*


DATE: <u>05/18/15</u>